### SUCCESSION OF CANONGE—Alphonse Canonge et al., Appellants.

Art. 1274 of the Civil Code which, for the purpose of making a partition among the heirs, authorizes the reduction into cash of the proceeds of the sale of succession property sold on a credit, by deducting ten per cent a year for the period of such credit, applies only where one or more of the heirs demand a sale for cash, for their portions, while the others, for their shares, require the property to be sold on credit. But where the property of a succession, with the assent of all concerned, has been sold on a credit, not more than five per cent a year can be deducted, for the period of such credit, for the purpose of reducing the amount to cash, in order to effect a settlement with the creditors and heirs of the deceased.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J. The judgment of the court was pronounced by

KING, J. The heirs of the late *Jeanne Amélie Canonge* have appealed from a judgment of the Probate Court, amending a tableau of the succession of the deceased, presented by her administrator.

Some time after the death of *J. A. Canonge*, her son, *Alphonse*, was appointed her administrator, and the effects belonging to the succession in community between her surviving husband and herself, as well as those which were her separate property, appear to have been confided to his administration, and were sold under an order of the Probate Court, the price payable, one fourth in cash, and the remainder on credits of one, two and three years. These terms of sale were assented to by all the parties in interest. The succession of *J. A. Canonge* was determined, by a decree heretofore rendered, to amount to the sum of $28,857,35. During the existence of the community, *J. F. Canonge* was appointed the tutor of *Alfred*, and *Armand Mercier*, and, in that capacity, he received their estates, amounting together to the sum of ————, as has also been settled by a judgment rendered in their favor. These two debts, independently of others, leave the community largely insolvent. During the administration rents were derived from property of the community.

In the account rendered, the assets of the estate are credited with only one half of these rents. The other half is represented to belong to *J. F. Canonge*, as the owner of one half of the community.

The administrator proposed in his tableau to reduce to cash the instalments not yet due, by deducting from their amount, ten per cent per annum, for the time they had still to run, and to apply the sum thus reduced, first to the payment of the heirs of the deceased; the residue, after the payment of the privileged claims, is represented to be the profits of the community, and is placed to the credit of *J. F. Canonge*, as the surviving partner of the community.

The *Merciers* opposed the discount of ten per cent per annum, proposed for the purpose of reducing the credit instalments to cash, and claimed that a deduction of five per cent only should be made, contending that the proceeds of the sale are not to be partitioned among the heirs as such, but to be applied to the payment of debts upon which legal interest is due. They further claimed that the whole amount of rent received should be carried into the mass, and applied to the payment of the community debts.

The administrator relies on the 1264th article of the Civil Code, as his authority for reducing the sums not due to cash, by a discount of ten per cent. That article applies alone to the case where one, or more of the heirs of the

deceased demand a sale for cash for the share coming to them, while the others <span style="float:right">SUCCESSION OF<br>CANONGE.</span> require the property to be sold on credit for their portions. In that event, the whole proceeds of sale are reduced to their cash value, by a deduction of ten per cent per annum from the sums not due, for the purpose of making the partition.

In the present instance, the succession of the deceased consisted chiefly of a claim against the community, and the community property was sold, upon terms which the *Merciers* assented to, for the purpose of satisfying that, with other debts. In the distribution of these assets, the heirs are to be regarded only as creditors, and their claim, like others, is to be paid by the administrator with five per cent interest, from the death of the deceased, if the estate be sufficient for that purpose. Code of Pract. art. 988. The only discount, therefore, which the administrator could have made, was that of five per cent, which was equivalent to an allowance of that rate of interest to the creditor.

The position assumed by the administrator that, the surviving husband was entitled to one half of the rents which accrued upon community property during the administration, we deem to be equally untenable. By the death of *Jeanne Amélie Canonge*, the community was dissolved, and the right of the surviving husband to manage its concerns, ceased with that event. The community was largely insolvent. Its effects appear to have been inventoried, administered and sold, for the purpose of making a final liquidation of its affairs. The property composing it was the common pledge of the creditors, and it was the duty of the administrator to render it, with all the fruits and revenues which it yielded while under his administration, available to them. If he has failed to collect any part of the rents, or has permitted them to be received by others, the creditors are not to suffer from his *laches*.

The appellees claim that the heirs of the deceased be decreed to bear, each his proportionate share of the charges incurred in the liquidation of the succession. The separate property of the wife, sold for the purpose of effecting a partition among the heirs, should, no doubt, support the expenses necessary to effect that object. There is nothing, however, in the record to show what portion of the proceeds were derived from sales of separate property, and what were the charges to which it was liable.

Those costs which accrued in converting the community effects into cash, and in distributing them among the creditors, are to be borne by the mass, from which they should be first deducted, in order to ascertain the sum for distribution.

We find no error in the judgment of the Probate Court as relates to the subjects of controversy on this opposition. In the decree rendered on another opposition to the same tableau brought up on a separate appeal, *ante*, p. 209, we have determined that the Municipality No. 3 is entitled to the sum of $622,44, for arrearages of rent charge, which affects the rights of the appellees, and renders it necessary that we should, instead of affirming the judgment generally, render the same decree which has been rendered in the case of the succession of *Canonge* on the opposition of Municipality No. 3.

It is therefore ordered that, the tableau of distribution be amended as directed in the case of the succession of Canonge, on the opposition of Municipality No. 3 to the account filed by the administrator, decided this day, *ante* p. 209, the appellants paying the costs of both courts; and in other respects, that the judgment appealed from be affirmed.

*A. Canonge*, for himself and the other appellants. *Soulé*, for the opponents.